KM

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Toan Sy Le, | No.    CV-25-04130-PHX-SMB (CDB) |
| Petitioner, | |
| v. | **ORDER** |
| Fred Figueroa, et al., | |
| Respondents. | |

Petitioner Toan Sy Le, A074-469-927, who is confined in the Eloy Detention Center and represented by counsel, filed a Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1), a Motion to Seal Exhibits (Doc. 2), and a Motion for Preliminary Injunction (Doc. 3) and paid the filing fee.  The Court will deny without prejudice the Motion for Preliminary Injunction, grant the Motion to Seal, dismiss Grounds One through Five of the Petition, and require an answer to Ground Six.

## I.    Background

Petitioner entered the United States in 1995 as a refugee from Vietnam under the U.S. Humanitarian Operation program.  After one year in refugee status, Petitioner obtained lawful permanent resident (LPR) status.  Petitioner states that although he has traveled to Vietnam on several occasions, he and his family have a well-founded fear of prosecution if forced to return because Petitioner's father worked with U.S. forces during the war and his family endured retribution under the communist regime.

TERMPSREF

1          In February 2002, when he was 19 years old, Petitioner pleaded guilty to solicitation

2    to sell a dangerous drug and was sentenced to a term of probation.  Petitioner contends that

3    "at no point during the plea colloquy or sentencing did the judge or Mr. Le's defense

4    attorney inform him that his conviction would have immigration consequences."  (Doc. 1

5    at 7.)  Petitioner was unaware a controlled substance violation would subject him to

6    mandatory removal and "virtually automatic deportation."  (*Id.*)  Petitioner states he would

7    not have accepted the plea had he been aware of the immigration consequences.

8          In 2011, the Department of Homeland Security (DHS) initiated removal

9    proceedings against him, but Petitioner was not taken into custody at that time and did not

10   understand the implications.  On July 24, 2025, Immigration and Customs Enforcement

11   (ICE) Officers arrested him pursuant to the old removal order; at this time Petitioner

12   learned his conviction subjected him to removal.  Petitioner obtained counsel and filed an

13   August 9, 2025 Rule 32 petition for post-conviction relief in the Maricopa County Superior

14   Court, asserting a violation of his Sixth Amendment right to effective assistance of counsel.

15         Petitioner failed to appear at his initial removal hearing because the Notice to

16   Appear stated only that the hearing was "'to be set' in Phoenix, AZ," but did not include

17   the date or time of the hearing.  As a result of the defective Notice, Petitioner failed to

18   appear.  On June 14, 2011, an immigration judge "likely ordered Mr. Le removed in

19   absentia for failure to appear."  (*Id.* at 10.)  In 2017, Petitioner's case was reopened, "likely

20   after the Supreme Court's 2018 decision in *Pereira*, or pursuant to a motion by Mr. Le

21   once he learned of the situation," and "the immigration court agreed to hear his case on the

22   merits rather than leaving the in absentia order in place."  (*Id.* at 11.)  Petitioner attended

23   removal hearings in 2017.  On June 1, 2017, the Immigration Judge did not order removal,

24   but "granted Mr. Le voluntary departure," which is "a discretionary form of relief allowing

25   a person to depart at their own expense by a certain date, in lieu of a removal order."  (*Id.*)

26         Petitioner did not depart by the deadline "principally because he did not fully

27   understand the consequences and had hopes of prevailing on appeal or through other

28   avenues."  (*Id.* at 12.)  Petitioner contends that throughout the 2011 and 2017 proceedings,

1  his ability to understand and participate was severely hampered by language barriers and

2  the Immigration Court did not provide a Vietnamese interpreter.

3  After the Immigration Judge granted voluntary departure, Petitioner filed a Form I-

4  918 petition for U Nonimmigrant Status ("U visa"), "based on his being a victim of crime

5  who assisted law enforcement." (*Id.* at 13.)  A U visa would place Petitioner "in lawful

6  status and make him eligible for eventual permanent residence notwithstanding his

7  conviction." (*Id.*)  Petitioner's application for a U visa and application for a waiver of

8  inadmissibility (Form I-192) are pending with the United States Citizenship and

9  Immigration Services (USCIS).  Petitioner requested the Immigration Court continue or

10  administratively close his removal proceeds pending the USCIS's decision on the U visa

11  application.  The Immigration Judge denied a continuance.  Petitioner filed a Motion to

12  Reconsider and a renewed Motion to Continue; the Immigration Judge denied the Motions.

13  Plaintiff appealed to the Board of Immigration Appeals (BIA).  (*Id.* at 14.)

14  On May 30, 2018, the BIA dismissed Petitioner's appeal and upheld the

15  Immigration Judge's refusal to continue the case.  (*Id.*)  Petitioner filed a petition for review

16  in the Ninth Circuit Court of Appeals and a motion for stay of removal.  The Ninth Circuit

17  granted a temporary stay of removal.  In 2019, the Ninth Circuit denied Petitioner's petition

18  for review and lifted the stay of removal.  (*Id.* at 16.)

19  ICE did not immediately execute removal because Petitioner's "U visa petition had

20  been recognized as bona fide and ICE exercises discretion not to remove individuals with

21  pending U visas in many cases." (*Id.*)  Plaintiff contends that "for several years, [he]

22  remained at liberty without any requirement from ICE to check in or report for supervision,

23  and await[ed] the resolution of his U visa efforts." (*Id.*)

24  In July 2025, ICE re-arrested Petitioner at this home.  Petitioner contends there was

25  "no new cause for this arrest aside from the fact that Mr. Le's voluntary departure order

26  (converted to a removal order) was by then several years old and unexecuted." (*Id.* at 17.)

27  Petitioner was transferred to a detention center in Arizona.  Petitioner's counsel filed an

28  August 2025 Motion to Reopen with the BIA, based on new evidence and changed

TERMPSREF

- 3 -

1   circumstances.  (*Id.*)  The Motion is still pending before the BIA.  Petitioner requested an

2   emergency stay of removal from the BIA, but the BIA has not yet acted.  (*Id.*)

3   **II.    Petition**

4        In his Petition, Petitioner names as Respondents: Eloy Detention Center Warden

5   Fred Figueroa, Phoenix ICE Field Office Director John Cantu, ICE Director Todd Lyons,

6   DHS Secretary  Kristi Noem, and United States Attorney General Pamela Bondi.

7        Petitioner raises six grounds for relief.  In **Ground One**, Petitioner claims the 2011

8   Notice to Appear violated the Immigration and Nationality Act (INA) and his due process

9   rights because it did not specify a date or time for a hearing, in violation of 8 U.S.C.

10  § 1229(a)(a).  Petitioner contends that as a result, "the immigration court never had lawful

11  jurisdiction over the removal proceedings, and any orders issued (including the in absentia

12  removal or the later voluntary departure) are nullities."  (*Id.* at 22.)

13       In **Ground Two**, Petitioner alleges his due process rights were violated when his

14  removal proceedings were conducted "without adequate interpretation and without

15  ensuring he actually received notice of hearings."  (*Id.* at 23.)  Petitioner claims he was

16  unable to participate meaningfully in the removal hearing, the hearing was fundamentally

17  unfair, and the removal order is therefore unconstitutional and must be vacated and

18  Petitioner must be released.

19       In **Ground Three**, Petitioner claims his "detention and removal predicated on his

20  2002 conviction violate due process because that conviction is constitutionally infirm"

21  because his defense attorney failed to advise him of the deportation consequences of his

22  plea.  (*Id.* at 24.)  Petitioner claims his defense attorney's performance violated his Sixth

23  Amendment rights, as established in *Padilla v. Kentucky*, 559 U.S. 356 (2010).  Petitioner

24  alleges he has a meritorious challenge to his conviction on this basis pending in state court

25  and that removing him before the claim is resolved "would violate due process, as it would

26  effectively punish him (with removal) for a conviction that is likely to be vacated."  (*Id.*)

27       In **Ground Four**, Petitioner alleges Respondents acted beyond their legal authority

28  and violated his due process rights when they attempted to remove Petitioner "via the

1    expedited administrative removal process for aggravated felons, despite Mr. Le's status as

2    a LPR and his contest of the charges." (*Id.* at 25.)

3        In **Ground Five**, Petitioner asserts the Immigration Judge (IJ) and BIA violated his

4    statutory and due process rights by "arbitrarily cutting off his pursuit of lawful immigration

5    status." (*Id.* at 26.)  Petitioner claims the IJ and BIA abused their discretion by refusing to

6    continue proceedings to allow USCIS to adjudicate Petitioner's U visa application.

7        In **Ground Six**, Petitioner argues that even if the removal order was lawfully

8    obtained, Petitioner's continued detention is "unreasonably prolonged and punitive, in

9    violation of the Fifth Amendment's Due Process Clause and analogous Eight Amendment

10   principles." (*Id.* at 27.)  Petitioner states he has been detained since July 25, 2025, "with

11   no end in sight because his legal proceedings (PCR, BIA motion) are ongoing and may

12   continue for many months or even years."  Petitioner states he is not detained under

13   § 1226(c), but "his removal is effectively stayed by circumstance and the government's

14   own delays." (*Id.*)  Petitioner contends that under *Zadvydas v. Davis*, 533 U.S. 678 (2001),

15   "once it becomes clear that removal cannot be accomplished in the reasonably foreseeable

16   future, continued detention of an alien with a final order violates due process." (*Id.*)

17   Petitioner asserts his removal is not imminent because "the BIA may yet reopen the case,

18   the state courts may vacate the conviction, or the U visa could be granted – any of which

19   would stop or reverse the removal," and because Vietnam "often refuses or delays issuance

20   of travel documents for its nationals with criminal records; repatriation is not always swift

21   or assured." (*Id.* at 27-28.)

22       Petitioner seeks immediate release from custody under his own recognizance or

23   reasonable conditions of supervision; a declaration that the removal order is void and/or

24   invalid because of the defective Notice to Appear; an injunction prohibiting Respondents

25   from removing or deporting Petitioner to Vietnam or any other country, pending the

26   conclusion of legal proceedings including his state post-conviction petition and BIA

27   motion to reopen; or in the alternative, an order temporarily staying Petitioner's removal,

28   tolling the removal period, and ordering a prompt bond hearing before an IJ to determine

TERMPSREF

1  if further detention is justified; and an order vacating the final administrative removal order

2  issued by DHS in 2011.  (*Id.* at 28-29.)

3        The Court will require Respondent to answer Ground Six of the Petition.

4  **III.   Lack of Jurisdiction – Grounds One through Five**

5        Petitioner's claims in Grounds One through Five are barred from habeas corpus

6  review in district court.  *See* 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law

7  or fact . . . arising from any action taken or proceeding brought to remove an alien from

8  the United States . . . shall be available only in judicial review of a final order [of

9  removal]."); 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court

10  of appeals . . . shall be the sole and exclusive means for judicial review of an order of

11  removal . . . .").  These claims directly attack and are inextricably linked with his removal

12  proceedings, and therefore, may only be challenged in the agency and the petition-for-

13  review process in the Ninth Circuit Court of Appeals.  *See Id.*; *J.E.F.M. v. Lynch*, 837 F.3d

14  1026, 1031-32 (9th Cir. 2016); *Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012);

15  *Singh v. Holder*, 638 F.3d 1196, 1210 (9th Cir. 2011); *Singh v. Gonzales*, 499 F.3d 969,

16  978 (9th Cir. 2007).  Accordingly, the Court will dismiss without prejudice Grounds One

17  through Five.

18  **IV.   Motion for Preliminary Injunction**

19        Petitioner seeks a preliminary injunction staying his removal and releasing him from

20  immigration detention during the pendency of these proceedings.  Local Rule of Civil

21  Procedure (LRCiv) 7.2(e)(1) provides that "[u]nless otherwise permitted by the Court, a

22  motion including its supporting memorandum, and the response including its supporting

23  memorandum, may not exceed seventeen (17) pages, exclusive of attachments and any

24  required statement of facts." Petitioner's Motion is 29 pages long.  The Court will therefore

25  deny the Motion without prejudice pursuant to LRCiv 7.2(e)(1).

26  . . . .

27  **V.   Motion to Seal**

28

**TERMPSREF**

1     Petitioner seeks to file under seal unredacted versions of Exhibits 7, 8, and 19 to the

2  Petition for Writ of Habeas Corpus.  The Court will grant the Motion.  Petitioner must

3  immediately submit these unredacted documents for filing under seal.

4  **IT IS ORDERED:**

5     (1)    Petitioner's Motion to Seal Exhibits 7, 8, and 19 (Doc. 2) is **granted**.

6  Petitioner must immediately submit these unredacted documents for filing under seal and

7  must serve the sealed documents on Respondents in accordance with General Order 25-17.

8  This Order is not filed under seal.

9     (2)    Petitioner's Motion for Preliminary Injunction (Doc. 3) is **denied** without

10  prejudice.

11     (3)    Petitioner's counsel must immediately serve the Petition on Respondents.

12     (4)    If not already issued, the Clerk' s Office must issue any properly completed

13  summonses.

14     (5)    The Clerk of Court must immediately transmit by email a copy of this Order

15  and a copy of the Petition to the United States Attorney for the District of Arizona, to the

16  attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at

17  melissa.kroeger@usdoj.gov, and Lon Leavitt at lon.leavitt@usdoj.gov.

18     (6)    Respondents must answer the Petition within **20 days** of the date of service.

19  Respondents shall not file a dispositive motion in place of an answer without first showing

20  cause as to why an answer is inadequate.

21     (7)    Petitioner may file a reply within **10 days** from the date of service of the

22  answer.

23     (8)    Regarding courtesy copies of documents for chambers, the parties are

24  directed to review Section II(D) of the Court's Electronic Case Filing Administrative

25  Policies and Procedures Manual, which requires that "a courtesy copy of the filing,

26  referencing the specific document number, shall be printed directly from CM/ECF."

27  CM/ECF Admin. Man. § II(D)(3) (emphasis added).  *See* http://www.azd.uscourts.gov/

28  sites/default/files/documents/adm%20manual.pdf.

TERMPSREF

- 7 -

1    (9)    This matter is referred to Magistrate Judge Camille D. Bibles pursuant to

2    Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a

3    report and recommendation.

4    Dated this 13th day of November, 2025.

5

6

7    Honorable Susan M. Brnovich
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28